## T. S. TEAGUE v. XAVIER RYAN.

Decided October 6, 1906.

**Trial of the Right of Property—Judgment—Value of Use of Property.**

In a trial of the right of property when the judgment ·is against the claimant and provides· for the return by him of the property in controversy and for payment of the reasonable value of the use of the property while in his possession, the judgment should fix the amount of such use, rent or hire.

Appeal from the District Court of Hardin County. Tried below before Hon. L. B. Hightower.

*Robt. E. Breeding,* for appellant.—The court erred in rendering judgment herein for appellee for "the reasonable value of the rent, use and hire of said property," without fixing the amount of same. Fort Worth Pub. Co. v. Hitson, 80 Texas, 233; Martin v. Hartnett, 24 S. W. Rep., 963.

*Xavier Ryan,* for appellee.—Judgment for the value of the property alone without providing that its return satisfies the judgment is not erroneous as the right to return exists independent of the judgment. Muenster v. Tremont Nat. Bank, 92 Texas, 426.

GILL, CHIEF JUSTICE.—Xavier Ryan having had an execution levied upon certain personalty as the property of one Zierath (the defendant in the judgment out of which the execution issued), T. S. Teague filed a claimant's oath and bond under the statute governing proceedings in trial of right of property. Others intervened in the proceeding setting up like claim in behalf of themselves, but as their interventions were dismissed and they have not appealed no further reference to their claim is necessary.

The court tried the cause upon issues made up between Teague and Ryan and rendered judgment in favor of Ryan for $1,600, the adjudged value of the property, six percent interest on that amount from the date of the claim and ten percent on that amount as damages. The judgment further expressly provided that the officer should not accept the returned property in satisfaction of the judgment unless the tender. was accompanied by the payment of costs, the damages adjudged and a sum equal to the reasonable value of the rent and hire of the property during the time it had been in the hands of the claimant. The amount of this item was not adjudged.

The claimant has appealed and offers several assignments of. error for our determination. One of these is to the effect that the court erred in failing to adjudge the amount of the rent and hire necessary to be tendered in case appellant desired to return the property unimpaired, together with damages and costs in satisfaction of the judgment as the statute provided he might do. We were first inclined to think the judgment might be affirmed notwithstanding this assignment, on the theory that as the amount of the rent and hire had not been adjudged, that part of the judgment could be treated as a nullity to the appellee's loss. We were also impressed with the force of the suggestion

that the judgment recited all that the statute required it to recite. That the statute did not require the determination by the judge of the value of the rent and hire but passed that to the officer to be determined when the property should be tendered, just as he must determine for himself whether the property when tendered is in as good condition as when claimed and taken. But to our minds the question is expressly decided in Fort Worth Pub. Co. v. Hitson & Reed, 80 Texas, 233, wherein Chief Justice Gaines said, speaking to the same point:

"The judgment should also have fixed the value of the use of the property in controversy. . . . The court should determine the value of the use of the property . . . to enable the claimant if he should wish to return the property in satisfaction of the judgment as provided by article 4845 (of the statute of 1879) to know what amount he is required to pay for the use of such property up to the date of the judgment."

The point is well taken and requires that the judgment be reversed and the cause remanded, and it is so ordered. The other assignments are without merit.

*Reversed and remanded.*