### C. J. Walker v. International & Great Northern Railroad Company.

#### Decided March 13, 1909.

**1.—Briefs—Statement under Assignment of Error.**

An assignment of error complaining that a verdict was not supported by the evidence could not be considered when the statement thereunder stated no evidence, but consisted only of references to the pages of the stenographer's transcript upon which the testimony of several witnesses could be found.

**2.—Negligence—Carriers of Passengers—Insult to Passenger by Passenger.**

Conceding the undisputed facts to be that a white passenger on the train came into the colored compartment where plaintiff and his wife were riding as passengers and in the presence of the brakeman used vulgar, indecent and profane language to them, and that the brakeman heard the language, and, after being appealed to by plaintiff and wife for protection, he tapped the white passenger on the shoulder and told him he must get out of there, and made no effort to remove or eject him, but left him there cursing plaintiff

and wife while he went in search of the conductor, it could not be held as matter of law that the employees of the carrier were negligent in allowing the white passenger to enter the negro car, or that the brakeman was guilty of negligence in not forcibly removing him therefrom immediately upon his misbehavior, even conceding that a brakeman has under such circumstances the right to forcibly eject a passenger. The issue of negligence vel non was for the jury.

### 3.—Briefs—Assignment of Error—Charge.

An assignment of error complaining of a charge which, as copied in the assignment, is so incomplete that it is impossible to say what instruction was given on the facts recited therein, and which is unaided by the statement, which merely refers to the pages of the record where the testimony and charge may be found, is not entitled to be considered.

### 4.—Same—Charges Refused.

An assignment of error complaining of the refusal of charges, will not be considered when the statement thereunder merely refers to the pages of the record where the charge and testimony may be found.

Appeal from the District Court of Galveston County. Tried below before Hon. Lewis Fisher.

*W. R. Hill,* for appellant.—The purpose of the law is to keep the races separated, thereby preventing controversies and disputes between white and negro passengers. When C. Y. Bledsoe, the brakeman on defendant's train, saw Boomer Lawrence, a white passenger, in the colored compartment, and heard the language and threats used and made by said white passenger to plaintiff and his wife, it was his duty then and there to have removed or ejected said white passenger from the colored compartment. Rev. Stats., 1895, arts. 4509, 4516; 5 Am. & Eng. Ency. of Law, 2d ed., page 598; Texas & P. Ry. Co. v. Kingston, 68 S. W., 518.

Appellant purchased tickets for himself and wife and they were passengers on appellee's train, the relation of carrier and passenger was thereby established, and it was the duty of appellee to protect appellant and his wife from the abuses and insults of fellow passengers. 5 Am. & Eng. Ency. of Law, 2d ed., page 541; Missouri, K. & T. Ry. Co. v. Russell, 28 S. W., 1042; Dillingham v. Anthony, 11 S. W., 139; Houston, E. & W. T. Ry. Co. v. Perkins, 52 S. W., 124; McCardell v. Gulf, C. & S. F. Ry. Co., 102 S. W., 941.

*Wilson & Dabney,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellant against the appellee to recover damages for mental anguish caused himself and wife by the alleged negligence of the defendant in permitting a passenger with them on one of defendant's trains from Laredo to San Antonio to unlawfully enter the coach in which they were riding and to insult, abuse and threaten plaintiff and his wife. Damages are claimed in the sum of $1975.

In addition to general and special exceptions and general denial the defendant's answer contains the following special pleas: "And for further alternative plea defendant says if any threats were made or discourtesy or abuse shown by any passenger to plaintiff or his

wife, that same was the act of said passenger for which defendant is in nowise liable, and was provoked, caused and brought on (if any such state of facts existed) by plaintiff's wife in the manner in which she acted with the consent and acquiescence of her husband in raising an issue and controversy with said passenger, and that her action under all the circumstances was negligence, which both caused and contributed to cause any interference with her or her husband. Further answering in the alternative, defendant says if any passenger threatened or abused plaintiff and wife that defendant had no reason to anticipate that any passenger would do so; nor could defendant prevent such conduct which, if done, was the act of said passenger and not of this defendant; and defendant did all it could do to protect said plaintiff and wife. For further answer in the alternative defendant says if any passenger abused or insulted plaintiff or his wife defendant says that no white passenger was assigned or permitted to occupy the negro coach by defendant, and that if any white passenger went into the negro coach or compartment, it was merely some person who loitered in going through said coach, which fact was not known to the conductor in charge of the train who was the only person who had authority either in law or in fact to remove said passengers, and that if said white passenger either abused or threatened plaintiff or wife, it was the individual act of said passenger, and was caused and brought about by the act of plaintiff's wife, in herself, with the acquiescence and consent of her husband, raising a controversy with such passenger about a matter which did not concern her, which controversy was over in a few minutes before the same could be prevented by defendant."

The trial in the court below with a jury resulted in a verdict and judgment in favor of defendant.

The evidence shows that on the 22d day of February, 1907, plaintiff and his wife were passengers on one of defendant's trains going from the city of Laredo to the city of San Antonio. They are negroes and were traveling in the car provided by the defendant for such passengers. Shortly after the train left Laredo a white man, who was also a passenger on said train, entered the coach in which plaintiff and his wife were riding and stopping in the aisle began a conversation with another colored woman who was riding in said coach, in the course of which he used insulting language to her. Plaintiff's wife evidently observing the discomfiture of the woman with whom the man was talking, called to her and asked if "that man was insulting her," whereupon the man turned his attention to plaintiff's wife and used indecent and insulting language to her, and also threatened plaintiff with violence if he attempted to resent the insult to his wife. This man was not assigned to this car by any of defendant's employes and it is not shown that any of said employes knew that he was in the car until the disturbance began. A brakeman on the train came into the car on his way to the white coach just about the time the insulting language was addressed to plaintiff's wife was called upon by several of the passengers in the car to take the man out. In compliance with such request he went to the man, put his hand on him and told him he would have to go out. Not receiving ready obe-

dience to his commands the brakeman went in search of the conductor for the purpose of having him take the offender out of the car. Before reaching the conductor he found a peace officer, who was a passenger on the train, and who at the request of the brakeman went at once to the negro coach and took the man out. Plaintiff and his wife were greatly humiliated and frightened by the insults and threats of this man. The man was not in the car more than five minutes, probably not so long, and did not take a seat therein. He was evidently under the influence of liquor.

The first assignment of error assails the judgment on the ground that the verdict of the jury is not supported by the evidence, "in this, the undisputed evidence shows that appellant and his wife were passengers on appellee's train on or about the 22d day of February, 1907, and that Boomer Lawrence, a white passenger on said train, came into the colored compartment where appellant and his wife were riding, and in the presence and hearing of C. Y. Bledsoe, a brakeman on appellee's train, the said white passenger used vulgar, indecent and profane language to appellant and his wife, and made threats against them. The brakeman heard the language and threats, and after being appealed to by appellant's wife for protection, he tapped the white passenger on the shoulder and said, 'Partner, you must get out of here.' With this request he made no further effort to remove or eject said white passenger from the colored compartment, but left him there cursing and abusing appellant and his wife while he (the brakeman) went in search of the conductor." The proposition of law advanced under this assignment is, that when the brakeman saw the white man in the colored coach and heard the language and threats used by him it was the duty of said brakeman "then and there to have removed or ejected said white passenger from the colored compartment." The statement supporting this proposition consists only of references to the pages of the stenographer's transcript upon which the testimony of several of the witnesses who testified on the trial can be found, and contains no statement of any of the evidence. Under the rules prescribing the manner in which briefs should be prepared, the assignment can not be sustained for want of a sufficient statement. (Rule 31, 67 S. W., 16; Johnson v. Lyford, 9 Texas Civ. App., 85; Colorado Canal Co. v. McFarland & Southwell, 109 S. W., 437; Sloan v. Thompson, 4 Texas Civ. App., 419.)

If, however, the statement was sufficient and the undisputed evidence established all the facts recited in the assignment, said assignment could not be sustained because upon such facts it can not be held as a matter of law that the employes of the defendant in charge of the train were guilty of negligence in allowing the white man to enter the negro car, or that the brakeman was guilty of negligence in not forcibly removing him therefrom immediately upon his misbehavior. These issues of negligence were submitted to the jury under instructions most favorable to appellant and, giving the evidence the most liberal interpretation in favor of plaintiff's claim, it did no more than raise the issue of negligence. The plaintiff and his wife had paid their fare and were entitled to the same degree of protection from injury or insult as any other passenger upon said train, and

under the law it was the duty of defendant's employes in charge of the train to use a high degree of care to protect them from injury of any kind, but it can not be held as a matter of law that the brakeman was required to do more than he did to protect them. He could not have prevented the insult, and it does not appear that he could have sooner removed the offending party from the car, at least not without incurring serious danger to himself or producing a disturbance more serious than that which had already occurred, and it can not be said that his duty required him to act as contended by appellant, even if it be conceded for the sake of argument that a brakeman has under such circumstances the right to forcibly eject a passenger.

The second assignment is as follows: "The court erred in charging the jury in paragraph three of the general charge as follows: 'If you believe from the evidence that the plaintiff and his wife while passengers on defendant's train on or about February 22, 1907, were insulted and abused and threatened by a white passenger on said train and in the compartment set aside for the accommodation of negro passengers, and if you further believe that said white passenger was merely loitering in said compartment set aside for negro passengers and that he was not there with the acquiescence, consent or knowledge of the defendant, its servants or employes," etc. This assignment is manifestly insufficient to require our consideration. The charge complained of, as copied in the assignment, is so incomplete that it is impossible to say what instruction was given the jury predicated on the hypothetical facts recited in the charge, and the statement under the assignment does not enlighten us on this subject, but only contains a reference to the page of the stenographer's report on which the testimony of the plaintiff is to be found, and to the pages of the record containing the charge of the court.

The third assignment of error is subject to the identical objection above made to the second, and for the same reasons can not be sustained.

There is no sufficient statement under the fourth assignment, and therefore it can not be sustained.

The fifth, sixth and seventh assignments complain of the refusal of the court to give special charges requested by the plaintiff, set out in said assignments. None of these assignments are followed by a sufficient statement, the only statement submitted being references to the pages of the record on which the court's charge and the testimony of several of plaintiff's witnesses are to be found. It has been so often held that such statement is not sufficient under rule 31, that it is unnecessary to cite authority. If, however, the lack of a sufficient statement should be waived we do not think the court erred in refusing the special instructions set out in the assignments. Insofar as said instructions contain correct statements of law applicable to the facts in evidence, they are covered by the charge given by the court.

We are inclined to the opinion that the evidence failed to raise the issue of negligence on the part of appellee in the matters complained of in the petition, but be this as it may, the case made by the pleadings was submitted to the jury under instructions favorable to appellant on the whole, and no sufficient ground for reversal is presented

in the brief.  It follows that the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*