POLLARD v. ALLEN & SIMS. (No. 361.)

(Court of Civil Appeals of Texas. El Paso. Nov. 25, 1914.)

1. APPEAL AND ERROR (§ 282*)—ASSIGNMENTS OF ERROR—TRIAL BY COURT.

Under Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), requiring appellant to file with the court below his assignments of error, distinctly specifying the grounds on which he relies, declaring that errors not so specified are waived, and making the assignments of error in the motion for a new trial the assignments of error on appeal, where findings of fact and conclusions of law were not filed by the trial court, and appellant did not file a motion for a new trial therein,

there were no valid assignments of error which could be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1662–1665; Dec. Dig. § 282.*]

2. APPEAL AND ERROR (§ 760*) — BRIEFS — PROPOSITIONS AND STATEMENTS.

Where the brief on appeal did not comply with rule 31 for Courts of Civil Appeals (142 S. W. xiii), requiring that to each proposition there shall be subjoined a brief statement of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to understand and support the proposition, with reference to the pages of the record, the assignments of error will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig. § 760.*]

3. APPEAL AND ERROR (§ 753*) — REVIEW — FUNDAMENTAL ERROR.

Where there are no valid assignments of error in the record, and where the purported assignments are not properly briefed, the Court of Civil Appeals is confined to the consideration of fundamental errors, or errors apparent on the face of the record, of which it must take notice without assignments and briefs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3086–3089; Dec. Dig. § 753.*]

Error from District Court, Harris County; N. G. Kittrell, Judge.

Action between W. H. Pollard and Allen & Sims. Judgment for Allen & Sims, and Pollard brings error. Affirmed.

R. H. & A. S. Tiernan, of Houston, for plaintiff in error. Campbell, Sonfield, Sewall & Myer, of Houston, for defendants in error.

WALTHALL, J. [1] This case was tried before the court. In this case findings of fact and conclusions of law were not filed by the trial court. Plaintiff in error failed to file a motion for a new trial in the court below. In this condition of the record, there are therefore no valid assignments of error which we can consider. Acts 1913, c. 136, p. 276 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612); American, etc., v. Mercedes, 155 S. W. 286; Cooney v. Dandridge, 158 S. W. 177, 178; Moore v. Rabb, 159 S. W. 85; Dees v. Thompson, 166 S. W. 56.

[2] Furthermore, the brief filed by plaintiff in error in this case fails to comply with rule 31 (142 S. W. xiii), which requires that to each proposition there shall be subjoined a brief statement in substance of such proceedings or part thereof, contained in the record, as will be necessary and sufficient to understand and support the proposition with reference to the pages of the record. Colorado Canal Co. v. McFarland & Southwell, 50 Tex. Civ. App. 92, 109 S. W. 435; Walker v. International & G. N. R. Co., 54 Tex. Civ. App. 406, 117 S. W. 1020; St. Louis & S. F. R. Co. v. Lane, 118 S. W. 847; Gulf, C. & S. F. R. Co. v. Wafer, 130 S. W. 712; Broussard v. South Texas Rice Co., 120 S. W. 587; Kirby Lumber Co. v. Chambers, 41

Tex. Civ. App. 632, 95 S. W. 607; Johnson v. Lyford, 9 Tex. Civ. App. 85, 29 S. W. 57; Galveston H. & N. Ry. Co. v. Olds, 112 S. W. 787; Johnson v. Hulett, 56 Tex. Civ. App. 11, 120 S. W. 257.

[3] Since there are no valid assignments of error in the record, and since the purported assignments which were filed by plaintiff in error in the court below are not properly briefed, we are therefore confined in the consideration of this case to those errors which are fundamental in their nature, or else such errors apparent upon the face of the record as we are required to notice without assignments and briefs.

We have carefully examined the record, and find no errors of this nature, and the judgment of the lower court is therefore affirmed.