ANDERSON & DAY v. DARSEY.　(No. 375.)

(Court of Civil Appeals of Texas.　El Paso.
Dec. 17, 1914.)

1. APPEAL AND ERROR (§ 736*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment complaining of the overruling of distinct and unrelated motions for a directed verdict cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. § 736.*]

2. APPEAL AND ERROR (§ 724*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error, which set out the substance of the bills of exception referred to simply by number, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997-3001, 3022; Dec. Dig. § 724.*]

3. APPEAL AND ERROR (§ 501*)—PRESERVATION OF GROUNDS OF REVIEW IN COURT BELOW—BILLS OF EXCEPTION.

Assignments on the refusal of special charges will not be reviewed, unless exceptions were preserved by bills taken according to Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300-2305; Dec. Dig. § 501.*]

4. APPEAL AND ERROR (§ 1060*)—REVIEW—HARMLESS ERROR.

Defendant's counsel said of one of the plaintiffs, "God help you if you fall into the hands of one of these town lot salesmen." He also spoke of his client as an honest old farmer and of the income of town lot salesmen as ill-gotten gains. Exceptions to these remarks being overruled, he stated that to his knowledge more town lot salesmen had been indicted for swindling and sued for fraud than any other class of men. On objection the jury were directed to disregard the remarks, and counsel apologized, but said that he believed what he said was true. Objections to this remark were overruled. *Held,* that the argument of defendant's counsel, which was wholly without the record, was so calculated to inflame the jury that it constituted prejudicial error necessitating a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

Error from District Court, Culberson County; Dan M. Jackson, Judge.

Action by J. R. Day and Levi Anderson against G. E. Darsey. From a judgment for defendant, plaintiffs bring error. Reversed and remanded.

Chilton & Chilton, of Dallas, and S. W. White, of Douglas, Ariz., for plaintiffs in error. Joe Irby, of Van Horn, and R. M. Reed, of El Paso, for defendant in error.

HIGGINS, J. On October 26, 1911, plaintiffs in error sued Darsey in trespass to try title. A writ of sequestration was issued, and the premises in controversy seized thereunder, and Darsey dispossessed; his household effects and certain feedstuff being removed from houses upon the premises.

Defendant answered by plea of not guilty, and in reconvention pleaded that he was entitled to the possession of the premises until January 1, 1912, under a rental contract with plaintiffs, and that the writ of sequestration had been wrongfully and maliciously issued, whereby he had sustained actual damages in the sum of $610 and $5,000 exemplary damages, for which he prayed judgment.

[1] Upon trial, verdict and judgment was rendered in plaintiff's favor for title and possession of the premises sued for and in defendant's favor, upon his cross-action, for actual damages in the sum of $146 and $854 exemplary damages.

The first assignment reads:

"The trial court erred in refusing to grant the several motions of plaintiffs to peremptorily charge the jury to find a verdict for the plaintiffs in said cause against the defendant, for the reasons set out in said motions."

[2] The assignment cannot be considered. It relates to the action of the court in overruling distinct and unrelated motions. It is also too general. Neither is the substance of the bills of exception to which we are referred by the assignment, set out in the subjoined statement, as required by the rules. For the reasons indicated, the assignment will not be considered. Burrow v. Brown, 167 S. W. 254.

The second and third assignments relate to rulings upon evidence. The substance of the bills of exception taken thereto are not given; we being referred, simply, to the bill by its number. This is not sufficient, for which reason the assignments are not considered. Canal Co. v. Southwell, 50 Tex. Civ. App. 92, 109 S. W. 435; Walker v. Railway Co., 54 Tex. Civ. App. 406, 117 S. W. 1020; Railway Co. v. Lane, 118 S. W. 847.

[3] The fourth, eighth, and ninth assignments complain of the refusal of special charges. Our attention is not directed to bills taken to the refusal of these charges, as required by chapter 59, Acts of 1913, for which reason the assignments are overruled. Railway Co. v. Wadsack, 166 S. W. 42; Railway Co. v. Galloway, 165 S. W. 546; Insurance Co. v. Rhoderick, 164 S. W. 1067; Heath v. Huffhines, 168 S. W. 974.

[4] In the course of his argument to the jury, counsel for Darsey several times referred to the plaintiff Day as "that Dallas town lot salesman," and made the following remark: "God help you if you fall into the hands of one of these town lot salesmen"—and referred to the income of town lot salesmen as "ill-gotten gains," and thereafterwards several times referred to the defendant as "an honest old farmer." Counsel for plaintiff in error objected to these remarks, which was overruled by the court and exception taken. The offending counsel in the course of his argument further said:

"To my own personal knowledge, more town lot salesmen have been indicted for swindling and more have been sued for fraud than any other class of men on the face of the earth."

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Objection was likewise made to these remarks, sustained by the court, and the jury instructed not to consider same. Whereupon counsel made the further remark:

"Gentlemen of the Jury: If I have made a mistake or have done Mr. Day wrong, I want to apologize to you for it, and will say that I was honest in it and believed I was right in what I said."

To which objection was likewise made, and the court requested to instruct the jury not to consider same, which objection and request was overruled and proper exception taken.

The remarks complained of were highly improper and well calculated to inflame the passions and prejudices of the jury against the plaintiff. The so-called withdrawal or retraction of a part of the remarks only added to the injury theretofore inflicted. They were wholly dehors the record and could have had no proper influence upon the jury, and it is most likely that they were improperly swayed thereby, and their verdict prompted other than by a fair and impartial consideration of the evidence. The remarks are considered so improper and so likely to have fulfilled the purpose for which they were evidently made as to necessitate a reversal, and it will be so ordered.

Reversed and remanded.