CRAVER et al. v. GREER et al. (No. 1434.)

(Court of Civil Appeals of Texas. Texarkana. May 1, 1915. Certified to Supreme Court May 19, 1915.)

APPEAL AND ERROR ☞281—REVIEW—MOTION FOR NEW TRIAL — STATUTES — RULES OF COURT.

Rev. St. 1911, art. 1612, provides that the appellant shall file with the clerk of the court below all assignments of error, and that all errors not so specified are waived, and articles 1989–1991, provide that where conclusions of fact are separately stated it shall be sufficient if a party excepting to the conclusions of law or the judgment, note his exceptions on the record in the judgment entry, whereupon he may appeal without further exceptions. Rule 24 for Courts of Civil Appeals (142 S. W. xii) provides that the assignments of error shall specify the ground of error relied on in the motion for a new trial, and that a ground of error not so set forth in the motion and not distinctly specified shall be waived unless fundamental; rule 69 (142 S. W. xxii) provides that when a case is tried by the court the motion for new trial shall specify the supposed errors of law or fact, and rule 71a (145 S. W. vii) provides that a motion for new trial shall be filed on appeal from a judgment of the trial court unless the error complained of is fundamental, and where the statute does not require such motion. In a receivership proceeding the court, on application of lien creditors for a sale of property, heard evidence on the merits, and directed a final decree, there being no requests for findings of facts and conclusions of law. *Held*, that a motion for a new trial was a prerequisite for the consideration of assignments of other than fundamental errors.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661, 3024, 3281; Dec. Dig. ☞281.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by D. C. Craver against T. A. Greer and assignee, in which the Jefferson Wholesale Grocery Company and others intervened and a receiver was appointed. From the terms of a decree of sale made on their application, Craver and others appeal. Affirmed.

Lacy & Bramlette, of Longview, Henderson & Bolin, of Daingerfield, and Beard & Davidson and Carter & Strength, all of Marshall, for appellants. F. H. Prendergast and A. G. Carter, both of Marshall, for appellees.

LEVY, J. T. A. Greer, a lumber manufacturer, had a sawmill in Marion county, a sawmill in Harrison county, and lumber yard in the city of Marshall. In October, 1913, he was largely indebted and unable to pay his creditors, and made a general assignment to M. M. Barnes as assignee for the benefit of his creditors. D. C. Craver filed suit against T. A. Greer and the assignee, seeking judgment for debt and foreclosure of mortgage lien on certain sawmill property and timber and other specific property. Thereafter the Jefferson Wholesale Grocery Company and others, holding unsecured claims against Greer amounting to several thousand dollars, intervened in the suit of D. C. Craver, set forth that T. A. Greer was insolvent, and asked for the appointment of a receiver, and upon this application the court appointed a receiver, who qualified and acted. T. A. Greer waived citation and agreed that the court appoint a receiver. Numerous interventions on the part of creditors for judgment on their claims were filed in the action. Each of the four present appellants is a creditor with a mortgage lien on specific property, and his judgment in the receivership proceedings established the debt and lien and foreclosure and as well classification of such claims. Thereafter each of the four appellants at the November term, 1914, filed application in the receivership proceedings to have the property on which he had a lien sold and to be allowed to bid his debt on same, setting forth that the assets of the receivership and its earnings were not sufficient to pay off the debt. After hearing proof, and on November 6, 1914, in term time, the court entered the following decree:

"On this, the 6th day of November, 1914, came on to be heard the above cause for final judgment and decree, and the plaintiff D. C. Craver appearing by his attorney, and intervener the National Bank of Daingerfield, Tex., appearing by its attorney, and the interveners Galt & Galt appearing by their attorney, and the interveners Castleberry-Lawrence & Rodden appearing by their attorney, and the receiver C. W. Wheeler appearing by attorney, and all parties announced ready for trial. Thereupon the court proceeded to hear the evidence on all of the matters involved in the litigation.

"The court here now orders that all of the property in the receiver's hand of every kind be sold to the highest bidder for cash on the 24th day of November, 1914; that the receiver give the notice of said sale required by law for sale of personal property, and that he advertise said sale by short notice thereof in the Dallas Morning News and in the Shreveport Times for one week in each of those papers, and that he advertise said sale for two weeks in the Marshall Messenger of Marshall, Tex., and in the Noonday Sentinel of Marshall, Tex., for two weeks; that any person bidding at said sale shall deposit 10 per cent. of his bid as an evidence of good faith, to be forfeited in case he should not carry out his bid, the balance of said bid to be paid into court when the sale is approved. In making said sale he shall first offer it in lots or parcels, as hereinafter directed, then he shall offer the whole of the property in lump sale, and he shall knock the sale off to the sale in lots if that should be the greater, but if the sale in a lump sum should be the greater, he shall knock the sale off to the purchaser at that sale.

"The proceeds of said sale are to be paid out under the order of the court as follows: First. The court's costs, which shall include compensation to the receiver and his attorneys. Second. He shall pay all indebtedness of every character contracted by the receiver during his receivership. Third. He shall pay the debts due by T. A. Greer which were secured by a

lien on any of the property which was taken and appropriated by the receiver. In paying those amounts each creditor holding a lien on the property shall have a preference claim on the money obtained by the sale of the property upon which he had a lien, said preference to be superior to the other lienors, but to be inferior to the court costs and expenses of receivership as named above. Fourth. If any amount remains in his hands after paying the above, it shall be paid to the unpaid portion of the debt which is secured by a lien as above specified. Fifth. To pay any remaining amount on the unsecured debts due by T. A. Greer.

"[Then follows description of property.]

"The receiver, in crying off the separate items, will require the person bidding the highest bid for each item to deposit with the receiver a statement in writing signed by him, showing the amount of his bid and the property for which he was bidding, and the receiver will continue the sale until the same is completed, and within two days after the sale he shall make his report of the same to the court under oath, stating the highest bid for each item of property exposed for sale by him, and stating also the highest bid for the whole amount. And thereupon the court, as soon as the same can be heard, will hear a motion to confirm or reject the sale, and distribute the proceeds as above specified. The court reserves to itself the right to hereafter determine the amount of the receiver's debts and expenses, and to whom the same is due, but when determined shall take rank and priority as specified in this decree.

"The National Bank of Daingerfield, Castleberry Lawrence & Rodden, D. C. Craver, and William Thomas, each excepted to the ruling of the court, first, in not allowing each of them to bid on the property on which they have a lien and use their debt to be credited on the bid. And each of said parties, and Galt & Galt and the National Bank of Daingerfield, excepted to the ruling of the court in placing the receiver's debts ahead of their mortgage debt and giving the same priority over their claim, so far as the same could be paid out of the money on which they have a lien, and each of the above parties give notice of appeal to the Court of Civil Appeals."

The force and effect of the appellants' exception as embodied in the decree is to except to the decree as entered for the reasons therein stated, and to give formal notice of appeal directly therefrom. And as appellants did not file a motion for new trial in the trial court, so far as the record discloses, it becomes a preliminary question, as necessary for this court to act upon (rule 24 [142 S. W. xii]; article 1612, R. S.), as to whether a motion for new trial was a prerequisite under rules 69 (142 S. W. xxii) and 71a (145 S. W. vii) for the trial courts in order to have assignments considered that are not of the character of fundamental error. This is not an "agreed case" as provided by article 1949, R. S., and is not a temporary injunction as provided by article 4644, R. S. (Ft. Worth Imp. Dist. No. 1 v. Ft. Worth [Sup.]

158 S. W. 164, 48 L. R. A. [N. S.] 994) ; and the judge was not, as disclosed by the record, requested to, and did not, file conclusions of fact and law so as to bring it within the terms of articles 1989–1891, R. S. As shown by the statement of facts in the record and by recital in the decree, the court heard evidence and determined the merits of the several applications, and accordingly directed a final decree. Rule 69 for trial courts provides:

"When the case is determined by the court without a jury counsel in making a motion for new trial shall specify distinctly the supposed errors of law or fact, or both, into which the judge has fallen, as far as may be practicable to do so."

And the further rule 71a provides that:

"A motion for new trial shall be filed in all cases where parties desire to appeal from a judgment of the trial court, or sue out a writ of error, in the cause, unless the error complained of is fundamental, except in such cases as the statute does not require a motion for a new trial."

In the case of Land & Irrigation Co. v. Mercedes Plantation Co., 155 S. W. 286, in construing rule 71a the court said:

"The clear meaning of this rule is that motions for new trial shall be required in every case, whether tried with or without a jury, except when the statute by express provision does not require such a motion."

And in view of the language of the two rules mentioned it would seem so. In that case the judge was requested to, and did, file conclusions of fact and law as provided by articles 1989–1891, R. S., and it was held by the court that by reason thereof a motion for new trial was by terms of the articles, excepted and not required. Same ruling in Walsh v. The Church, 173 S. W. 241. See Rwy. v. Lee, 157 S. W. 748, explaining change of practice. In the case of Pollard v. Allen & Sims, 171 S. W. 302, there was a trial without a jury, and the judge did not file conclusions of fact and law, and motion for a new trial was not filed. And the court held in that case that a motion for new trial was a prerequisite to have considered any assignment of error not fundamental in character. Thus it would appear that it has been decided that in trials before the court the statute does not except nor relieve of making a motion for new trial except where the judge files conclusions of fact and law in accordance with articles 1989–1891. And this court is not authorized to act except on valid assignments of error or fundamental errors.

As a consequence the judgment of the trial court must be affirmed.