## CALHOUN v. WESTERN UNION TELE-GRAPH CO. (No. 1343.)

(Court of Civil Appeals of Texas. El Paso. May 4, 1922.)

*Appeal and error* ⬉745—*Failure to assign in the court below specific grounds of error constitutes waiver.*

A failure to file an assignment of error in the court below distinctly specifying the court's failure to file findings of fact and conclusions of law, after request made in conformity with the statute, constitutes a waiver by the appellant in view of Rev. St. art. 1612.

Appeal from Eastland County Court, at Law; Jos. Jones, Judge.

Suit by Charles Calhoun against the Western Union Telegraph Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Lee J. Cearley, of Cisco, and Lon A. Brooks, of Anson, for appellant.

Conner & McRae, of Eastland, for appellee.

HARPER, C. J. This suit was brought by appellant for the benefit of his wife against the appellee for $1,000 damages, for failure to deliver a telegram, announcing the death of the said wife's sister, in time for them to attend the funeral.

Tried by the court without a jury and resulted in judgment for defendant, from which an appeal has been perfected.

The only proposition in appellant's brief is that the court erred in failing to file findings of facts and conclusions of law after request made in conformity with the statute.

There was no assignment of error respecting this matter filed in the trial court as required by article 1612, Rev. Civ. Statutes of Texas.

Appellee by brief has called this court's attention to this fact, and urges that the assignment cannot be considered. This is well taken, because a failure to file assignment of error in the court below distinctly specify-

ing the grounds on which appellant relies constitutes a waiver. Pollard v. Allen & Sims (Tex. Civ. App.) 171 S. W. 302; Waldon v. Davis (Tex. Civ. App.) 185 S. W. 1000.

Finding no error assigned or fundamental, the cause is affirmed.