## W. B. WALKER & SONS v. FISK.

(Court of Civil Appeals of Texas. March 29, 1911.)

1. APPEAL AND ERROR (§ 1051*)—REVIEW—HARMLESS ERROR.

In an action by a tenant against his landlord for injuries caused by the landlord's removing the doors and windows from his residence, it was harmless, if erroneous, for the court to permit landlord's plea in which he stated that he had caused the doors and windows to be taken out of the house to be read as an admission, where that fact was proved by uncontradicted evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

2. PLEADING (§ 218*) — DEMURRER — ADMISSIONS BY DEMURRER.

All reasonable intendments are indulged in support of a pleading attacked by a general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. § 218.*]

3. APPEAL AND ERROR (§ 1060*)—CONDUCT OF COUNSEL—PREJUDICIAL ARGUMENT.

Where there was some testimony to support language used by plaintiff's counsel, and the defendant failed to complain as to the award of damages, the language will not be considered prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

Appeal from District Court, Travis County; Chas. A. Wilcox, Judge.

Action by J. A. Fisk against W. B. Walker & Sons. From a judgment for plaintiff, defendant appeals. Affirmed.

Allen, Hart & Patterson, for appellant. O. Dickens, for appellee.

KEY, C. J. The nature and result of this suit are stated as follows in appellants' brief: "Appellee instituted this suit in the district court of Travis county, Texas, against appellants for personal injuries to his wife, alleging, in substance, that appel-

lants were under contract to furnish him a house for a certain period of time, and that, in accordance with the contract to furnish him a house for that period of time, appellants put him in possession of a house, and that during said time they, without any right, took the doors and windows from said house while his wife was in the house, and exposed his wife to the cold and weather, causing her to become sick, have headaches, nervous prostration, etc., for which he asks damages. The appellants (defendants in the court below) interposed a general demurrer, special exceptions, a general denial, and special pleas setting up matters of defense. The appellants also plead, in substance, that the contract, if there existed one between plaintiff and defendants, was terminated by agreement between plaintiff and defendants prior to the time complained of, and that the plaintiff was a trespasser on defendants' property, and that they owed plaintiff or his family no duty except that of ordinary care to prevent injury. The case was tried before a jury, and resulted in a verdict for appellee against appellants for four hundred dollars."

There is no assignment of error complaining of the verdict of the jury as to either the question of the defendants' liability or the amount of damages awarded; and we therefore find as conclusions of fact that the testimony sustains the material averments in the plaintiff's petition upon the issues that were submitted to the jury, and does not sustain the material averments set up in the defendants' answer.

[1] If it be true, as asserted in appellants' first assignment, that the trial court committed error in permitting the plaintiff, over the defendants' objection, to read to the jury that portion of the defendants' special plea in which they stated that they had caused the doors and windows to be taken out of the house, that error does not authorize a reversal of the case, because it was subsequently proved by the testimony of Del Walker, one of the defendants, that he had instructed the defendants' foreman to remove the doors and windows from the house referred to; and the foreman testified that, in pursuance of that instruction, he caused the doors and windows to be removed. That testimony was so clear and uncontroverted that the court very properly assumed in its charge that the defendants had caused the removal of the doors and windows from the house.

[2] The second assignment relates to the action of the court in overruling certain alleged special exceptions to the plaintiff's petition. According to District Court Rule 18 (67 S. W. xxi) the exceptions referred to were in fact general demurrers; and as all reasonable intendments are indulged in support of a pleading as against a general de-

murrer, we hold that no error was committed in the rulings referred to.

[3] We do not think the case should be reversed on account of the language used by the plaintiff's counsel, as shown by the third assignment. There was some testimony tending to support the theory there urged, and the amount awarded as damages, which is not complained of by appellants, does not indicate that the argument referred to was prejudicial to them.

Some other questions are presented in appellants' brief, all of which have been duly considered, and we rule against appellants as to all of them. The charge of the court, supplemented by special instructions requested by appellants, presented the case to the jury clearly and distinctly, and was as favorable to appellants as they had any right to demand.

Judgment affirmed.