HOECHTEN v. STANDARD HOME CO.

(Court of Civil Appeals of Texas. San Antonio. May 21, 1913. Rehearing Denied June 18, 1913.)

1. PLEADING (§ 205*)—DEMURRER—GROUNDS.

Every reasonable intendment will be indulged in favor of a pleading to which a general demurrer is urged; and the only question which will be considered is whether any cause of action or ground of defense is disclosed by the pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–510; Dec. Dig. § 205.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

2. PLEADING (§ 205*)—GENERAL DEMURRER—DAMAGES FROM FRAUD.

A complaint, alleging that plaintiff, having to meet a money obligation, informed defendant company that his only reason for buying a contract from it was for the purpose of securing money to extend a loan and that defendant assured him that at the expiration of six months he would get the money covered by the contracts which he signed, and that relying on such representations he signed an application for such contract; that he was deceived as to their contents and was refused the money and forced to sell his property at a loss—was good as against a general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–510; Dec. Dig. § 205.*]

Appeal from District Court, Bexar County; Claude V. Birkhead, Judge.

Action by Fred Hoechten against the Standard Home Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Douglas Cater, of San Antonio, for appellant. Israel Dreeben, of Dallas, and Carlos Bee, of San Antonio, for appellee.

FLY, C. J. Appellant sued on an oral contract entered into between him and an agent of appellee whereby, in consideration of certain payments each month for six months, he was to have the right to borrow $5,000 from appellee, that the agent was informed by appellant that he owed money on certain property in San Antonio which would become due and payable in six months, that he desired to borrow money to pay off the indebtedness, and further alleged: "That the plaintiff herein then informed said agents that he owed money on a certain property in the city of San Antonio, Tex., and that the indebtedness due on such property would become due and payable in about six months and that he, plaintiff herein, would have to be able to pay such indebtedness when it became due, or in the meantime make an effort to sell other property that he had to satisfy such indebtedness, or to make a loan on such property to take up the indebtedness then existing against it. That the property upon which he owed money is and was located at No. 227 Florida street in the city of San Antonio, Bexar county, Tex. This plaintiff further informed the said agents of defendant: That his only reason and object in buying the contract from this defendant company was for the purpose of securing money to extend the loan when it became due on such property located at No. 227 Florida street, and that if he did buy such contracts that he would depend upon the defendant company to make a loan to him within the time as represented by said agents, and, in the event such money was not loaned to him by the defendant company at the expiration of six months, that he would have to sell other property he owned for what he could get for it so as to take up such loan, or money due on said

property at No. 227 Florida street. That thereupon said agents of the defendant herein informed this plaintiff that the object of the company that they represented was to provide for just such conditions as he (the plaintiff) was then in, and assured him that he need not further worry about securing the necessary money to pay off the indebtedness on the above-named property, if plaintiff would sign the application such agents then presented him, and that they (the agents) would assure him that he would get the money covered by such contracts at the expiration of six months without fail. That thereupon the agent, Newman, presented to this plaintiff an application for the purchase of five contracts, stating to this plaintiff that such application was for contracts in accordance with the terms as represented to this plaintiff, and hereinbefore detailed. That this plaintiff, relying upon the honesty, representations, and integrity of the agent, Newman, signed such application without reading same." It was alleged that appellant was deceived as to the contents and was refused the money and could not borrow the money to pay his indebtedness and, being forced to sell property to raise the money, was compelled to sacrifice it and lose $500. He sued for $282, the money paid to appellee, and $500 damages.

[1, 2] The rule is firmly established that every reasonable intendment will be indulged in favor of a pleading to which a general demurrer is urged and the only question which will be considered in such cases is whether any cause of action or ground of defense is disclosed by the pleading.

If it be true that appellant, through the fraud of appellee, as alleged, was compelled to sacrifice his property and thereby lose $500, then he should recover that sum as well as the $282 paid to appellee for which nothing was received by him. The petition was doubtless open to attack through special exceptions; but, no matter how imperfect, we think it stated a cause of action, and the general demurrer should not have been sustained.

The judgment will be reversed, and the cause remanded.