## OVERTON v. COLORED KNIGHTS OF PYTHIAS et al.

(Court of Civil Appeals of Texas. Austin. Feb. 11, 1914.)

1. APPEAL AND ERROR (§ 757*)—BRIEFS—ASSIGNMENTS OF ERROR — COPYING MOTION FOR NEW TRIAL.

Acts 33d Leg. c. 136, providing that, where a motion for new trial is filed, the assignments therein shall constitute the assignments of error and need not be repeated by the filing of assignments of error, does not dispense with the necessity of copying into appellant's brief such parts of the motion as are relied on as assignments of error, or abrogate Court of Civil Appeals rules 23, 39 (142 S. W. xii, xiii), requiring the record to contain assignments of error, and making a failure to file such assignments and briefs in the trial and appellate courts ground for dismissing the appeal, and hence pretended assignments of error cannot be considered, where the grounds of the motion for new trial are not copied in appellant's brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

2. APPEAL AND ERROR (§ 719*)—ASSIGNMENTS OF ERROR.

If a request for filing conclusions of fact and law was made after the motion for new trial was overruled, so that the failure to comply therewith could not be set out in such motion, a distinct assignment of error thereon, filed with the clerk of the trial court as required by the statute and rules prior to 1911, should be made in order to review such refusal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

3. APPEAL AND ERROR (§ 742*)—PRESENTATION BELOW.

An assignment of error in not filing conclusions of law and fact when requested cannot be considered, where not supported by a statement or proposition, and there is no bill of exceptions showing a request to file such findings or failure to do so, or reference to the record indicating such a request, or that the trial court's attention was called thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Error to Travis County Court; Wm. Von Rosenberg, Jr., Judge.

Action between Annie Overton and the Colored Knights of Pythias and others. To review an adverse judgment, the first-named party brings error. Writ of error dismissed.

D. R. Pickens, of Austin, for plaintiff in error. Hart & Patterson, of Austin, for defendants in error.

JENKINS, J. [1] Defendants in error object to the consideration of the brief of plaintiff in error, and this objection must be sustained. No assignments of error were filed in the court below. Articles 1612 and 2113, R. S. 1911. Chapter 136 of the Acts of the Thirty-Third Legislature, p. 276, provides that "where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error." Under this statute the motion for a new trial becomes the assignments of error, but this does not dispense with the necessity of copying in the brief such portions of the motion for a new trial as are relied upon in this court as assignments of error. This statute does not abrogate rules 23 and 39 for the government of Courts of Civil Appeals, which require that the record shall contain assignments of error, as required by the statute, and that the failure of plaintiff in error to file assignments of error and briefs in the lower court and the appellate court in the time and manner prescribed

by the rules shall be grounds for dismissing the appeal or writ of error for want of prosecution. The assignments of error relied upon must still be copied in the brief, though such assignments be found only in the motion for a new trial.

The plaintiff in error has filed a brief in this court, in which alleged assignments of error are set out, but there is not copied therein a single one of the grounds of the motion for new trial, and therefore the pretended assignments of error cannot be considered by this court. Witherspoon v. Crawford, 153 S. W. 633, 634; Railway Co. v. Reiner, 21 S. W. 1013; Smith v. Smith, 107 S. W. 888; rules 23 and 39 (142 S. W. xii and xiii).

[2] The first pretended assignment of error is that: "The trial court erred in not filing his conclusions of facts and law, when requested to do so by counsel for the appellant." If such a request was made after the motion for a new trial was overruled, of course the failure to comply therewith could not be set out in the motion for new trial. In such case there should be a distinct assignment of error as to this matter filed with the clerk of the trial court, as required by the statute and rules prior to 1911.

[3] There is no statement and no proposition under this assignment of error, and no bill of exceptions showing that the trial judge was requested to file findings of fact and conclusions of law, or that he failed to do so. There is no reference by way of argument, or in any other portion of the brief of plaintiff in error, to any part of the record indicating that the court was requested to file findings of fact and conclusions of law, or that the attention of the court was called to such request. That this assignment cannot be considered under such circumstances is too well settled to require citation of authorities.

For the reasons stated, the motion of defendants in error to strike out the brief of plaintiff in error is sustained, and this cause is dismissed for want of prosecution.

Writ of error dismissed.