## DEES v. THOMPSON.

(Court of Civil Appeals of Texas. El Paso. April 9, 1914.)

**1. SET-OFF AND COUNTERCLAIM (§ 22*)—TORT ACTIONS—DISCONNECTED ACTS.**

In an action for the wrongful killing of a horse, the defendant cannot set off damages arising from trespass committed by the horse, and his keep after a former trespass, since the statute relating to set-off does not cover disconnected claims for damages arising in tort.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 26–37; Dec. Dig. § 22.*]

**2. DAMAGES (§ 87*) — PUNITIVE DAMAGES — NECESSITY OF ACTUAL DAMAGES.**

A verdict allowing punitive damages, without also allowing actual damages, is contrary to law.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 188–192; Dec. Dig. § 87.*]

**3. APPEAL AND ERROR (§ 1033*) — HARMLESS ERROR—ERROR FAVORABLE TO APPELLANT.**

One who sues for actual and punitive damages, and recovers judgment for punitive damages only, cannot, on appeal, raise the question that the jury could not allow punitive damages, without also allowing actual damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

**4. HIGHWAYS (§ 68*)—EVIDENCE AS TO EXISTENCE—SUFFICIENCY.**

Proof that a road was indicated and named as a public road on a plat filed before the controversy arose, and that it was referred to several times in the testimony, is not sufficient to establish, as a matter of law, that it was a public road.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 226–233; Dec. Dig. § 68.*]

**5. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERRORS—NECESSITY OF PROPOSITIONS AND STATEMENTS.**

Assignments of error, not supported by propositions and statements, as the rules require, need not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**6. APPEAL AND ERROR (§ 722*)—ASSIGNMENTS OF ERROR—CONFORMITY TO MOTION FOR NEW TRIAL—STATUTORY PROVISIONS.**

The provision of Acts 33d Leg. c. 136, that assignments contained in a motion for a new trial shall constitute the assignments upon which the cause is presented on appeal is mandatory, where a motion for a new trial was filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

**7. APPEAL AND ERROR (§§ 722, 758*)—ASSIGNMENT OF ERROR — CONFORMITY TO MOTION FOR NEW TRIAL—STATUTORY PROVISIONS.**

The statute does not change the former rule that assignments must be correctly copied in the briefs, and that it is not permissible to present assignments reconstructed as to either form or substance.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996, 3093; Dec. Dig. §§ 722, 758.*]

**8. APPEAL AND ERROR (§ 301*)—ASSIGNMENTS OF ERROR—ERRORS NOT REQUIRING ASSIGNMENT.**

The only errors which can be considered by the Court of Appeals, other than those which may be passed upon without an assign-

ment, are those called to the attention of the trial court in the motion for a new trial, and the appellate court will not attempt to construe reconstructed assignments in the briefs to determine whether the errors are the same as those assigned in the motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*]

**9. APPEAL AND ERROR (§ 722*)—ASSIGNMENTS OF ERROR—ERROR SUBSEQUENT TO MOTION FOR NEW TRIAL.**

As to errors arising subsequent to a motion for a new trial, and which cannot be raised in the motion, probably the proper practice is to file distinct assignments in relation thereto with the clerk of the lower court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

**10. APPEAL AND ERROR (§ 282*)—ASSIGNMENTS OF ERROR—TRIAL BY THE COURT.**

Acts 33d Leg. c. 136, making the assignments of error in the motion for a new trial the assignments on appeal, does not change the rule that no motion for a new trial need be filed in cases tried to the court, in which findings of fact and conclusions of law are filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1662–1665; Dec. Dig. § 282.*]

**11. APPEAL AND ERROR (§ 722*)—ASSIGNMENTS OF ERROR—TRIAL BY THE COURT.**

In such cases the assignments of error are still to be filed with the clerk of the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

**12. APPEAL AND ERROR (§ 1175*) — DISPOSITION OF THE CASE—RENDERING JUDGMENT.**

Where the court erroneously overruled exceptions to defendant's cross-action, and, after verdict, rendered judgment on the cross-action in an amount equal to the judgment for plaintiff on his cause of action, the case need not be remanded for new trial, but judgment will be rendered for the plaintiff in the amount due on his cause of action, under Rev. St. 1911, art. 1626, authorizing the Court of Civil Appeals to render such judgment as the court below should have rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Pecos County Court; Howell Johnson, Judge.

Action by Frank Dees against D. W. Thompson. From a judgment for plaintiff and for the defendant in an equal amount upon a set-off, plaintiff appeals. Cross-action stricken out, and judgment rendered for plaintiff in the amount of the damages found by the jury.

Chas. T. Haltom and W. A. Hadden, both of Ft. Stockton, for appellant. R. D. Blaydes and W. C. Jackson, both of Ft. Stockton, for appellee.

HIGGINS, J. Dees sued to recover the sum of $456, actual damages, and $400, punitive damages, claimed to have been sustained by reason of the wrongful shooting and killing by Thompson of a horse. Defendant answered by a general denial and counter-

claim for various amounts alleged to be due by reason of trespasses committed by the animal upon various dates, and expenses sustained in caring for and feeding the horse while it was trespassing upon a certain occasion previous to the shooting. Upon trial before a jury, verdict was returned in favor of plaintiff for sum of $50, punitive damages, and in favor of defendant upon his cross-action in sum of $25 for feeding and caring for the horse upon the occasion mentioned, and further sum of $25, damages sustained by reason of trespasses committed by the horse. Upon this verdict judgment was rendered in favor of plaintiff for sum of $50 against Thompson, and in Thompson's favor against Dees for a like sum, and it was ordered that the two sums should offset each other and no execution issue. From this judgment Dees has appealed.

[1] The first and second assignments complain of the overruling of exceptions addressed to defendant's counterclaim, upon the ground that it was an independent cause of action, in no wise incident to or connected with plaintiff's cause of action. In an action for damages upon tort, the defendant cannot set off or reconvene for damages resulting from a tort previously committed by plaintiff. The statute relating to this matter does not cover disconnected claims for damage arising in tort. Hart v. Davis, 21 Tex. 411; Shook v. Peters, 59 Tex. 395. The special exception in relation to this matter should have been sustained, and the cross-action stricken out. Boyd v. Clark, 21 Tex. 425; Carothers v. Thorp, 21 Tex. 358; Castro v. Gentiley, 11 Tex. 28.

[2, 3] Under the third assignment, appellant complains that the verdict of the jury was contrary to law in allowing him punitive damages without also allowing actual damages. In this contention he is correct, but it is not a matter of which he can complain. Appellee might well do so, but not appellant.

[4] The fourth assignment complains of the court's charge in not assuming as a proven fact that a certain road was a public one, the proposition being that, since the facts are undisputed, the question whether the road was of a public or private character was one of law, which should have been decided by the court. The statement in the brief of the facts relied upon as showing its public character is that it was indicated and named as a public road on a plat appearing in the statement of facts, which plat was filed anterior to the happening of any of the incidents in this case, and that the road was referred to several times in the testimony. We fail to see upon what theory it can be contended that these facts alone are sufficient, as a matter of law, to invest a road with a public character.

[5] The fifth and sixth assignments are not supported by such propositions and statements as the rules require, and are not entitled to consideration. In passing, however, it may be said they do not present reversible error.

[6] The suggestion is respectfully made to counsel for appellant that in causes which they may hereafter have pending in this court, a due regard be had for the rules of briefing, and attention is particularly called to the fact that, under the law at present, the assignments contained in the motion for new trial in the lower court constitute the assignments of error upon which the cause must be here presented. Acts 33d Leg. Regular Session, c. 136, p. 276. When a motion for new trial has been filed, this provision of the statute is mandatory. Edwards v. Youngblood, 160 S. W. 288.

[7] Under the law previous to this amendment it was held that the assignments must be correctly copied in the briefs, and that it was not permissible to present assignments reconstructed as to either form or substance. Fessinger v. El Paso Times Co., 154 S. W. 1171; Mt. Franklin, etc., v. May, 150 S. W. 756; Biggs v. Miller, 147 S. W. 632; Horseman v. Coleman Co., 57 S. W. 304; Martin v. Bank, 102 S. W. 131; Alexander v. Bowers, 79 S. W. 342; Ry. Co. v. Adams, 55 Tex. Civ. App. 245, 118 S. W. 1155; Bowers v. Goats, 146 S. W. 1013.

There is nothing in the amendment changing this rule, as each point raised in the motion can and should be presented to this court as an assignment of error in the language in which the matter was called to the attention of the trial court in the motion there filed. Iowa Mfg. Co. v. Walcowich, 163 S. W. 1054.

[8] Under the amendment and the rules, the only errors which can properly be entertained by this court, other than those which may be passed upon without an assignment, are those called to the attention of the trial court in the motion for new trial, and the impropriety of presenting reconstructed assignments in the brief is pointed out and well stated in Edwards v. Youngblood, supra. See, also, Overton v. Colored Knights of Pythias, 163 S. W. 1053, and Iowa Mfg. Co. v. Walcowich, supra.

We take this occasion to place counsel practicing in this court upon notice that the assignments copied in brief and presented here must be true copies of the corresponding portions of motion for new trial when such motions have been filed in trial court. This court will not undertake to determine whether an assignment was raised in such motion, where it is presented here in language different from that in which the matter was presented to the trial court. To countenance the filing here of reconstructed and amended assignments will frequently necessitate the determination of whether or not the error was called to the attention of the court below, which in many instances would require careful and critical comparisons, and a correct conclusion still be doubt-

ful. This will be obviated and the opportunity prevented of securing reversals upon errors not assigned in lower court which this court might, at times, do if the rule determined upon be not strictly enforced.

[9] As to those errors which of necessity, were not raised in the motion, probably the proper practice would be to file distinct assignments in relation thereto with the clerk of lower court, as required by the old statute and rules. Overton v. Colored Knights of Pythias, 163 S. W. 1053. Assuredly, it was not the legislative purpose to deprive litigants of the right to have errors and wrongs righted arising or transpiring subsequent to the overruling of their motion for new trial, and such an error so assigned will be considered by this court.

[10] As to cases tried before the court in which findings of fact and conclusions of law are filed, a motion for new trial need not be filed. American, etc., v. Mercedes, etc. (San Antonio) 155 S. W. 286; Cooney v. Dandridge (El Paso) 158 S. W. 177; Moore v. Rabb (Galveston) 159 S. W. 85.

[11] And in such case the assignments are to be filed with the clerk of the court below, as was formerly done in all cases. The amendment does not alter the old practice in this respect. Some of the observations here made with respect to matters of practice are not called for in this case, but they are made to the end that the members of the bar practicing here may be advised of the manner in which this court views these matters, to the end that they may govern themselves accordingly.

[12] The error of the court in overruling the special exception to the cross-action does not require a remanding of the cause for a new trial, as it affected only the cross-action upon which the verdict in Thompson's favor for $50 was returned. This court, under authority of article 1626, Revised Statutes, will render the judgment which should have been rendered in the court below, viz., that the exception to the cross-action be sustained, the cross-action stricken out, and judgment rendered in favor of Dees for the sum of $50, and that he recover all of his costs.

As reformed, the judgment is affirmed.