NATIONAL LIVE STOCK INS. CO. v. GO-MILLION. (No. 5482.)

(Court of Civil Appeals of Texas. Austin. Feb. 24, 1915.)

1. APPEAL AND ERROR ☞759—BRIEFS—AS-SIGNMENTS OF ERROR.

Appellant's brief, copying into the assignments of error words, phrases, and sentences not contained in his motion for a new trial, and omitting other words, etc., violated the rule requiring the assignments relied on to be copied in appellant's brief, which does not permit appellant to reconstruct the assignment either in form or substance, since the appellee is entitled to have the case presented on appeal upon the same questions that were considered in the lower court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. ☞759.]

2. APPEAL AND ERROR ☞742—ASSIGNMENTS OF ERROR—STATEMENT.

Statements in assignments which are not faithful to the record and which are incorrect in certain respects violate rule 31 for Courts of Civil Appeals (142 S. W. xiii), requiring that to each proposition there be subjoined a statement in substance of such proceedings or parts thereof contained in the record as are necessary and sufficient to explain and support the proposition, with a reference to the pages of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

3. APPEAL AND ERROR ☞767 — BRIEFS — BRIEFING ASSIGNMENTS TOGETHER.

A brief, attempting to join and brief together several assignments each presenting different and distinct points of law, is not allowable under the rules, and an objection by the opposite party will justify striking out the particular assignments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3102; Dec. Dig. ☞767.]

Appeal from Caldwell County Court; J. T. Ellis, Judge.

Action between the National Live Stock Insurance Company and F. H. Gomillion. Judgment for Gomillion, and the company appeals. On motion to strike out appellant's brief. Sustained.

O. Ellis, Jr., S. R. Graves, and T. B. Monroe, all of Lockhart, for the motion.

RICE, J. Appellant has filed a brief herein which appellee claims is violative of rules Nos. 23, 24, 25, 29, 30, 31, 36, and 37 .(142 S. W. xii, xiii) governing the preparation of briefs in this court, pointing out with great particularity in what respects such rules are infringed therein, to which appellant has filed no answer.

[1] First. Upon comparing the assignments of error set out in the motion for new trial with the corresponding assignments in appellant's brief, we find that, in many instances, words, phrases, and sometimes an entire sentence have been copied therein which are not contained in the assignments filed 'in the trial court. And then, again, there are omissions from said brief of words and phrases contained in said assignments. The rules require that the assignments relied on shall be copied in the brief filed by the appellant. This means a faithful adherence to the original, and it is not permissible to reconstruct an assignment, either in form or in substance. See Dees v. Thompson, 166 S. W. 56,'and authorities there cited. One of the chief reasons for this rule is that appellee is entitled to have the case presented in this court upon exactly the same questions that were passed on and considered in the lower court. See Iowa Mfg. Co. v. Walcowich, 163 S. W. 1054; Edwards v. Youngblood, 160 S. W. 288; Overton v. Colored Knights of Pythias, 163 S. W. 1053.

[2] Second. It is also urged by appellee that the statements under the first, third, seventh, eighth, ninth, tenth, and eleventh assignments are not faithful to the record, but are incorrect in many respects as therein pointed out. This charge we find partially sustained by the record. Rule 31 (142 S. W. xiii) requires that to each proposition there shall be subjoined a brief statement, in substance, of such proceedings or parts thereof contained in the record as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. A compliance with this rule is important, in that when faithfully made, as contemplated they should be, it relieves the court of much extra labor.

Third. The fourth assignment has no statement accompanying it, as required by rule 31.

[3] Fourth. It is likewise urged by appellee that appellant attempts to join and brief together assignments Nos. 7, 8, 9, 10, and 11, and that this is not permissible, since each present different and distinct points of law, which is not allowable under the rules.

---

As heretofore suggested, the observance of all of these rules is important, in that it aids both the court and counsel in passing upon questions presented, and a failure to comply therewith, especially when objected to by the opposite side, will justify striking out the particular assignments or brief, as the case may be. See Dees v. Thompson, supra, and authorities therein cited. We therefore sustain this objection.

For the reasons urged and herein indicated, especially because appellant's brief fails to correctly copy assignments Nos. 2 to 11, inclusive, and likewise fails to make proper statements under assignments 3, 4, 8, 9, 10, and 11, and fails entirely to make a statement under assignment No. 4, and undertakes to group and brief together assignments not germane to each other, its brief will be stricken out, and it will be allowed 20 days from this date in which to prepare and file a new brief in compliance with the rules of court.

As to the other objections, the motion will be overruled.

Motion sustained.