WILKERSON et al. v. STASNEY & HOLUB.
(No. 5578.)

(Court of Civil. Appeals of Texas. Austin.
Oct. 13, 1915.)

APPEAL AND ERROR ⬤═282—RESERVATION OF GROUNDS OF REVIEW — MOTION FOR NEW TRIAL.

Under District court rule 71a (145 S. W. vii), providing that a motion for a new trial shall be filed in all cases where parties desire to appeal from a judgment or sue out a writ of error unless the error complained of is fundamental, except in such cases as the statute does not require a motion for a new trial, and Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, providing that appellant or plaintiff in error shall file with the clerk of the court below all assignments of error, provided that, where a motion for a new trial has been filed, the assignments therein shall constitute the assignments of error, and need not be repeated, and article 1991, providing that it shall be sufficient for the party excepting to the conclusions of law or judgment of the court to cause it to be noted on the record in the judgment entered that he excepts thereto, and that such a party may appeal or take a writ of error without a statement of facts or further exceptions in the transcript, a party may appeal and file assignments of error without a motion for a new trial where a case has been tried by the court without a jury and conclusions of fact and law filed, and the judgment has been duly excepted to.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1662–1665; Dec. Dig. ⬤═ 282.]

Appeal from Williamson County Court; Richard Critz, Judge.

Action between A. E. Wilkerson and others and Stasney & Holub. From the judgment, Wilkerson and others appeal. On motion to strike out the assignments of error. Motion overruled.

W. A. Barlow, of Taylor, for the motion.

RICE, J. This case was tried before the court without a jury, and judgment rendered therein against appellants on the 12th day of April, 1915, from which judgment they have perfected this appeal. Appellees have filed their motion to strike out the assignments of error herein filed on behalf of appellants, on the ground that no motion for new trial was made in the court below, predicating their right so to do on district court rule 71a (145 S. W. vii), which reads as follows:

"A motion for new trial shall be filed in all cases where parties desire to appeal from the judgment of the trial court, or sue out a writ of error in the cause, unless the error complained of is fundamental, except in such cases as the statute does not require a motion for a new trial."

If in certain cases the statute does not require a motion for new trial to be filed in the court below as a prerequisite for an appeal, and this case falls within that class, then appellees' insistence is not well taken.

Appellants contend that in all cases tried before the court without a jury, where the judgment rendered is excepted to, and conclusions of fact and law are filed, the appellant has the right to appeal without filing a motion for a new trial. We think this position is well taken. By article 1612, Vernon's Sayles' Rev. Civ. St., the appellant · is required to file with the clerk of the court below his assignments of error upon which he relies for a reversal, before he takes out the transcript, provided that, where a motion for new trial has been filed, the assignments therein shall constitute the assignments of error, and need not be repeated by the filing of assignments; thus contemplating that in some cases such assignments might be filed in the court below without filing a motion for new trial. Article 1991, Id., reads thus:

"It shall be sufficient for the party, excepting to the conclusions of law or judgment of the court, to cause it to be noted on the record in the judgment entry that he excepts thereto; and such party may thereupon take his appeal or writ of error without a statement of facts or further exceptions in the transcript; but the transcript shall in such cases contain the special verdict or conclusions of law and fact aforesaid, and the judgment rendered thereon."

These two statutes have been construed by several of the Courts of Civil Appeals as allowing the right of appeal on the part of the appellant, in the absence of a motion for a new trial, where, as in the instant case, the trial was before the court without a jury, and conclusions of fact and law had been filed which were duly excepted to, as required by statute. See American, Rio Grande Land & Irrigation Co. v. Mercedes Plantation Co., 155 S. W. 286; Pollard v. Allen & Sims, 171 S. W. 302; Cornelius v. Harris, 163 S. W. 346; Cooney v. Dandridge, 158 S. W. 177, 178; Moore v. Rabb, 159 S. W. 85; Dees v. Thompson, 166 S. W. 56; Commonwealth Bonding & Casualty Co. v. Cator, 175 S. W. 1074. In Dees v. Thompson, supra, it is held that Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), making assignments of error in motions for new trial the assignments on appeal, did not change the rule that no motion for new trial need be filed in cases tried by the court without a jury, in which findings of fact and conclusions of law were filed and excepted to. The only case cited by appellees sustaining their contention is that of Head v. Altman, 159 S. W. 135, which is in conflict with the cases above cited, in which Mr. Justice Connor, in support of his views, cites Davidson v. Patton, 149 S. W. 757, Nunn v. Veal, 149 S. W. 758, and Murphy v. Earl, 150 S. W. 486, the first two of which were decided by the Court of Civil Appeals of ˌthe ₊Amarillo District, and the last by the El Paso court. In Nunn v. Veal and Murphy v. Earl there were jury trials, and in Davidson v. Patton the record does not disclose whether tried by the court or with a jury; but said courts have since said time reversed their holdings in this re-

spect. See Dees v. Thompson, supra, and other cases above cited.

Prior to the promulgation of the rule relied upon and Courts of Civil Appeals rules Nos. 23 and 24 (142 S. W. xii) the Supreme Court of this state and the Courts of Civil Appeals uniformly held that a party appealing from a judgment by the court without a jury had the right to appeal without filing a motion for a new trial. Bell County v. Alexander, 22 Tex. 357, 73 Am. Dec. 268, Luther v. Western Union Tel. Co., 25 Tex. Civ. App. 31, 60 S. W. 1029, and Greer v. Featherston, 95 Tex. 654, 69 S. W. 69.

Mr. Justice Brown, in the case of M., K. & T. Ry. Co. v. Beasley, 155 S. W. 183 et seq., in passing upon a somewhat similar question to the one here involved, held that the Supreme Court could not by rule set aside a statute, and that the rules of court must be so construed as to harmonize with the articles of the Revised Statutes, and with the former decisions of that court. We therefore have no hesitation in holding that the rules relied upon by appellees will not warrant us in sustaining their contention; but, on the contrary, we hold that, where the case has been tried before the court without a jury, and conclusions of fact and law have been filed by the trial court, and the judgment duly excepted to, as in the instant case, that the appellant has the right to appeal and file assignments of error without a motion for a new trial, and therefore we overrule appellees' motion to strike out appellants' assignments of error.

Motion overruled.