PROGRESSIVE OIL CO. et al. v. CRAW-
FORD. (No. 5633.)

(Court of Civil Appeals of Texas. San Anto-
nio. March 8, 1916. Rehearing
Denied April 12, 1916.)

APPEAL AND ERROR &—759—BRIEFS—ASSIGN-
MENT OF ERRORS.

Under rule 29 for the Courts of Civil Ap-
peals (142 S. W. xii), requiring assignments of
error to be copied in appellant's brief, an assign-
ment, reconstructed from two or three assign-
ments of error in the motion for new trial, will
not be considered.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3094; Dec. Dig. &—759.]

Appeal from Bexar County Court for Civil
Cases: John H. Clark, Judge.

Action by J. R. Crawford against the Pro-
gressive Oil Company and others. From
judgment for plaintiff, defendants appeal.
Affirmed.

J. T. Fly, of San Antonio, for appellants.
Hicks, Hicks, Teagarden & Dickson, of San
Antonio, for appellee.

MOURSUND, J. This is a suit, filed by J.
R. Crawford on November 4, 1914, against
the Progressive Oil Company, a corporation,
Joe L. Hill, T. W. Woodruff, and R. M. Biard,
upon a joint and several promissory note for
$233.34, payable to the order of plaintiff, ex-
ecuted by said defendants, dated June 8,
1914, due September 8, 1914, bearing 8 per
cent. interest, and providing for 10 per cent.
attorney's fee. Defendants Hill and Wood-
ruff answered and denied liability, alleging
that there was never a delivery of said note
by them or any one authorized by them to
deliver the same; that they instructed Biard
not to deliver the note to plaintiff unless a
certain trade should be consummated, and
that said trade was never made. They also
contended that plaintiff, by threats of per-
sonal violence, forced Biard to deliver the
note to him. Plaintiff joined issue on said
allegations, and specially alleged that, even
if Biard was not authorized to deliver such
note, the same was delivered by him to plain-
tiff without any knowledge on the part of
plaintiff that Biard was not authorized to
deliver same, and that plaintiff received and
accepted the same in settlement of an open
account, then due him by the Progressive Oil
Company, and agreed to forbear suing until
the maturity of said note; that at the time
he accepted the note he was threatening to
sue said oil company, of which defendants
Hill, Woodruff, and Biard were officers and
owners of practically all the stock, and would
have sued said company, which at that time
owned assets out of which plaintiff could
have collected his debt; that within three
or four days after said note was delivered
Biard informed Hill and Woodruff that he
had delivered the same to plaintiff, and that
plaintiff had accepted it in settlement of his
open account against the company, and that
said defendants acquiesced in the delivery
thereof, and did not notify plaintiff until aft-
er the maturity of the note that it was de-
livered without authority; that plaintiff by
such acts of defendants has been placed in
a worse position than he was when he ac-
cepted the note, for the reason that, relying
on the financial responsibility of the individ-
uals who signed said note, he permitted de-
fendants, as officers of the company, to dis-
pose of all its assets, which they have done,
and said company is now defunct.

The assignments of error are objected to
because they are not copies of paragraphs
of the motion for new trial. Without filing
formal assignments of error, appellants have
reconstructed, in their brief, their assign-
ments contained in their motion for a new
trial, making one assignment out of two or
three paragraphs of said motion. This court
has been very liberal in considering assign-
ments which as printed in the briefs are sub-
stantial copies of those contained in the rec-
ord, but we cannot permit new assignments
to be formulated and printed in the brief
without setting at naught rule No. 29 (142
S. W. xii) for the Courts of Civil Appeals.
Horseman v. Coleman Co., 57 S. W. 304;
Lakeside Irrigation Co. v. Buffington, 168 S.
W. 21; Dewees v. Nicholson, 182 S. W. 396,
decided by this court, but not yet officially
reported; Overton v. Colored K. of P., 163
S. W. 1053.

The statements under the first two assign-
ments are also insufficient. We must decline
to consider any of the assignments. The is-
sues are simple, and apparently all conten-
tions sought to be made are without merit;
but were we to consider the assignments, we
would set a precedent which could justly be
invoked in future cases. The impression ap-
pears to prevail with many members of the
bar, judging by the frequency with which we
are confronted with similar assignments,
that the enactment of the law, permitting
the use of paragraphs of the motion for new
trial as assignments of error, liberalized the
practice to such extent as to make it per-
missible to reconstruct assignments out of
such paragraphs, and, without filing the same
as formal assignments, print such new as-
signments in the brief. As rule 29 has not
been repealed, there is no ground for such
impression.

There being no fundamental error appar-
ent, the judgment will be affirmed.

FLY, C. J., entered his disqualification and
did not sit in this case.