TURNER et al. v. TURNER et al.   (No. 7364.)

(Court of Civil Appeals of Texas.   Galveston.
March 26, 1917.   Rehearing Denied
April 26, 1917.)

1. APPEAL AND ERROR ⊛⇒759 — BRIEFS—AS-
SIGNMENTS OF ERROR—CONFORMITY TO MO-
TION FOR NEW TRIAL.
   Under Acts 33d Leg. c. 136 (Vernon's Sayles'
Ann. Civ. St. 1914, art. 1612), providing that,
when a motion for a new trial has been filed, the
assignments therein shall constitute the assign-
ments of error; rule 24 for Courts of Civil Ap-
peals (142 S. W. xii), requiring the assignment
of error to distinctly specify the ground of error
relied on, and distinctly set forth in the motion
for a new trial, and providing that a ground
of error not distinctly set forth in such motion,
and not distinctly specified in reference to that
which is shown in the record, or not specified at
all, shall be considered as waived unless funda-
mental; rule 25 (142 S. W. xii), as to pointing
out the part of the proceedings contained in the
record in which error is complained of; and rule
29 (142 S. W. xiii), confining the points relied on
in the brief to the distinct specifications of er-
ror and to fundamental errors—assignments of
error in the brief which are not copies of any
paragraphs of the motion for a new trial cannot
be considered.
   [Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3094.]

2. APPEAL AND ERROR ⊛⇒193(9) — ASSIGN-
MENTS IN TRIAL COURT—NECESSITY—FUN-
DAMENTAL ERROR.
   Objections that the petition is insufficient to
entitle plaintiff to the judgment rendered or to
entitle her to recover will be considered, though
not assigned as error in the trial court, as they
present a question of fundamental error.
   [Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1232–1236; Pleading, Cent.
Dig. § 1366.]

3. INSURANCE ⊛⇒815(1) — MUTUAL BENEFIT
INSURANCE—ACTIONS—SUFFICIENCY OF PE-
TITION.
   In an action on a benefit insurance certifi-
cate, where the petition, though crudely drawn
and barely intelligible, alleged the issuance of
a policy of insurance on the life of T., plaintiff's
husband, naming plaintiff as beneficiary; that,
when T. subsequently directed a change in the
beneficiary, he was an imbecile, insane, and
without legal capacity to transact business or
make such change; that the interveners named
as beneficiaries in the new policy caused such
change to be made fraudulently; that T. died
on a date specified, and the society had caused
to be issued a warrant payable to those named
as beneficiaries in the new policy; and prayed
that plaintiff be declared the legal beneficiary,
that the names of the interveners be stricken out,
that plaintiff's name be placed upon the vouch-
er, and that the secretary of the society be or-
dered to pay the money to him—was sufficient to
support a judgment for plaintiff, where no de-
murrer or exception was urged, and the society
admitted its indebtedness on the certificate, and
asked the court to determine to whom the money
should be paid.
   [Ed. Note.—For other cases, see Insurance,
Cent. Dig. § 1996.]

4. PLEADING ⊛⇒34(3)—CONSTRUCTION ON DE-
MURRER.
   On general demurrer, a pleading should be
liberally construed, and all reasonable inferenc-
es from the facts alleged in the pleadings as a
whole should be made in aid thereof.
   [Ed. Note.—For other cases, see Pleading,
Cent. Dig. § 69.]

5. PLEADING ⊛⇒34(7) — CONSTRUCTION — OB-
JECTIONS RAISED ON APPEAL.
   In an action on a benefit insurance certifi-
cate, in which the original beneficiary claimed
that insured was insane when a change of bene-
ficiary was made, defendant's objection on ap-
peal that the petition did not entitle plaintiff
to relief, because it showed on its face that the
beneficiary had been changed, and that plaintiff
had no standing to urge insured's insanity, par-
took of the nature of a general demurrer, and
in passing thereon the facts alleged as to in-
sured's insanity would be accepted as true.
   [Ed. Note.—For other cases, see Pleading,
Cent. Dig. § 74.]

6. PLEADING ⊛⇒214(4)—ADMISSIONS BY DE-
MURRER.
   A general demurrer to a petition admits the
truth of all facts alleged and all inferences rea-
sonably deducible therefrom.
   [Ed. Note.—For other cases, see Pleading,
Cent. Dig. § 526½.]

7. INSURANCE ⊛⇒782—MUTUAL BENEFIT IN-
SURANCE—CHANGE OF BENEFICIARY.
   A change of beneficiary under a benefit in-
surance certificate, made at a time when the cer-
tificate holder was insane and without legal ca-
pacity to contract, was voidable at the instance
of the original beneficiary.
   [Ed. Note.—For other cases, see Insurance,
Cent. Dig. § 1948.]

8. NEW TRIAL ⊛⇒44(3)—MISCONDUCT OF JURY
—DISCRETION OF COURT.
   The trial court did not abuse its discretion
in denying a new trial, in an action between ri-
val claimants to the amount due under a bene-
fit insurance certificate, on the ground that one
member of the jury was influenced to concur in
the verdict by the statement of another juror
that plaintiff had worked for deceased for 10
years, and that he, as an experienced insurance
man, knew plaintiff was entitled to recover for
that reason, though the motion was supported
by the affidavit of the juror so influenced.
   [Ed. Note.—For other cases, see New Trial,
Cent. Dig. §§ 82–84.]

Appeal from Galveston County Court; Geo.
E. Mann, Judge.

Action by Effie Turner against the Grand
Order of Odd Fellows, in which Samuel
Turner and another intervened.   From a
judgment for plaintiff, the interveners appeal.
Affirmed.

V. M. Clark and T. C. Turnley, both of
Galveston, for appellants.   J. Vance Lewis,
of Galveston, for appellees.

LANE, J.   Appellee Effie Turner institut-
ed this suit in the county court of Galveston
county against the Grand Order of Odd Fel-
lows, one of the appellees, hereinafter called
Grand Order, for the recovery under a fra-
ternal benefit insurance certificate for $500
issued to her husband, Martin Turner, in
his lifetime, claiming as the designated bene-
ficiary therein.   Appellee Grand Order an-
swered that it held the sum of $500 as
stakeholder, and that appellants Martha Wil-
lis and Samuel Turner, as well as Effie Tur-
ner, were claiming said fund, and it did not
know to whom the same belonged, tendered it
into court subject to the court's decision,
and asked to be discharged.   Under order

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the court, appellants Samuel Turner and Martha Willis intervened in the suit, and denied the allegations in plaintiff's petition, and alleged that a second and new certificate was issued to said Martin Turner on March 22, 1916, in the sum of $500, in which appellants were named as beneficiaries in the sum of $249 each, and Effie Turner in the sum of $2, and prayed for the recovery of the sums· in their favor as stated.

The cause was tried before a jury, and upon a verdict "in favor of plaintiff" the court rendered' judgment in 'favor of Effie Turner against appellee Grand Order for the sum of $500. From this judgment Samuel Turner and Martha Willis have appealed.

Appellants filed their motion for new trial in the trial court and therein assigned only four errors, none of which are copied in their brief, except the fourth, which is designated therein as assignment No. 11.

[1] Assignments 1, 2, 3, 4, 5, 8, 9, and 10 in appellants' brief are not copies of any paragraphs of the motion for new trial filed by appellants, and therefore cannot be considered. Chapter 136, Acts of 1913, p. 276; Vernon's Sayles' Statutes of 1914, art. 1612; Holloman v. Black, 188 S. W. 973; Cole v. K. of M., 188 S. W. 699; Shipp 'v. Cartwright, 182 S. 'W. 70; Overton v. K. of P., 163 S. W. 1053; Edwards v. Youngblood, 160 S. W. 288; Oil Co. v. Crawford, 184 S. W. 728; Hardy v. Lamb, 152 S. W. 650; rules 24, 25, and 29 for Courts of Civil Appeals (142 S. W. xii and xiii).

In the case of Edwards v. Youngblood, supra, the court held that the provision of article 1612, Vernon's Sayles' Statutes of 1914, supra, that "where a motion for new trial has been filed * * * the assignments therein shall constitute the assignments of error," is mandatory, and that assignments of error not the same in form as the assignments contained in the motion, except in few particular cases, should be stricken out and not considered. Such is the substance of the other authorities above cited.

[2] By the sixth and seventh assignments it is insisted that the allegations of plaintiff's petition are insufficient to entitle her to recover against said Grand Order or interveners, and that her prayer is not for judgment against said Grand Order, and therefore she is not entitled to the judgment rendered in her favor. While the matters here presented were not assigned as error in the trial court in any form whatever, we shall consider the assignments as they present a question of fundamental error.

[3] While we find that the petition is crudely drawn and barely intelligible, we think it in effect alleges the issuance of a policy of insurance by said Grand Order on the 15th day of October, 1908, upon the life of Martin Turner, the husband of plaintiff, for the sum of $500, in which plaintiff is named as the beneficiary; that at the time it is al-

leged that the said Martin Turner directed said Grand Order in writing to issue a new policy, and to name Samuel Turner and Martha Willis beneficiaries therein for the sum of $249 each, and this plaintiff for $2 only, the said Turner was an imbecile, insane, and without legal capacity to transact any kind of business or to make such change in his said policy; and that while he was in this insane condition, and while of unsound mind, interveners, and others acting for them, fraudulently made or caused said change of the names of the beneficiaries in said policy. It is further alleged that Martin Turner is dead; that he died on the 15th day of April, 1916, and that since his death said Grand Order has caused to be issued a warrant in satisfaction of the $500 due upon the policy of Bartin Turner, payable to those named as beneficiaries in said changed or new policy, as follows: To Samuel Turner, $249; to Martha Willis, $249; and to plaintiff, Effie Turner, $2; and has delivered the same to A. J. Johnson, secretary of said order. It is then alleged that the money for which said warrant was issued is all due to plaintiff as the beneficiary named in said original policy' of date October 15, 1908, and that plaintiff is the legal beneficiary named in said original policy. The prayer for relief, is as follows:

"That on final trial *you* petitioner be declared legal beneficiary of said policy, and that the names of Sam Turner and Martha Willis be stricken out, and that the legal beneficiary, which is *you* plaintiff, be placed upon said voucher, and that the said A. J. Johnson (who held said warrant) by *and* order of this court, instructing him, A. J. Johnson, to pay over the money to your plaintiff."

No demurrer or exception was urged to the petition in the lower court. Defendant Grand Order answered to the effect that it owed the money sued for, and deposited the same in said court, and asked the court to determine to whom the money should be paid.

We think the allegations of plaintiff's petition and prayer for relief were sufficient to support the judgment rendered.

[4] On general demurrer a pleading should be liberally construed, and all reasonable inferences from the facts alleged in the pleadings as a whole should be made in aid thereof. Ball v. Water Corporation, 127 S. W. 1068; Trezevant & Cochran v. Powell & Co., 130 S. W. 234; Watson v. Harris, 130 S. W, 237; Ry. Co. v. Gilbert, 130 S. W. 1037; Mack v. Ry. Co., 134 S. W. 846; W. B. Walker & Sons v. Fisk, 136 S. W. 101; Shelton v. Cain, 136 S. W. 1155; Gibbens v. Bourland, 145 S. W. 274; National Lumber & Creosoting Co. v. Maris, 151 S. W. 325; Hoechten v. Standard Home Co., 157 S. W. 1191.

[5] Appellants also insist that the matters alleged in plaintiff's petition do not entitle her to the relief decreed by the court, because it is shown on the face of the petition that the policy sued upon is a fraternal ben-

efit insurance certificate for $500, issued to Martin Turner, in which plaintiff is named as beneficiary subject to the option of the insured to change the name of the beneficiary named therein; and that as the policy or certificate sued on was a fraternal benefit certificate, subject to surrender and change at the option of the insured without the consent of plaintiff, and as the same did not become due until after the death of the insured, plaintiff had no vested right in said certificate at the time of the alleged change, and cannot urge as a defense the insanity and consequent incapacity of the insured at the time of said change as a defense against interveners' cross-action. This assignment partakes of the nature of a general demurrer to plaintiff's petition. Therefore, in considering the same, we must, for the purpose of considering the demurrer, accept as true and as admitted that Martin Turner was insane at the time the change in the name of the beneficiary in the policy was made, as alleged by plaintiff.

[6] A general demurrer to a petition admits the truth of all facts alleged therein, and all inferences reasonably deducible therefrom, and, in testing the sufficiency of the petition on general demurrer, we must indulge in its favor every reasonable intendment arising from the allegations therein. State v. Racine Co., 134 S. W. 400; Western Union Tel. Co. v. Ashley, 137 S. W. 1165; Wiggins v. Bisso, 92 Tex. 219, 47 S. W. 637, 71 Am. St. Rep. 837; Comer v. Burton-Lingo Co., 24 Tex. Civ. App. 251, 58 S. W. 969; State v. Ry. Co., 99 Tex. 516, 91 S. W. 214, 5 L. R. A. (N. S.) 783, 13 Ann. Cas. 1072.

[7] Assuming, then, that Martin Turner was insane and without legal capacity to contract and make the change of beneficiaries in the policy, as alleged by plaintiff, the question presented for our decision by this assignment is: Does the fact that Martin Turner, the insured, was insane, and without legal capacity to contract and make said change in his policy at the time of the alleged change, render such change voidable at the instance of plaintiff, who holds, and who has sued to recover, under the original policy, in which she is beneficiary? We answer this question in the affirmative. Martin Turner could no more, while insane and legally incapacitated to contract, make a valid and binding contract than if he were physically dead; and therefore the alleged change in said policy was void under the facts of this case, and being void, it left the original policy sued upon by plaintiff in force and effect at the time of the death of Martin Turner, and, as the beneficiary named therein, plaintiff became possessed of a vested right in said policy and may recover thereunder. We have carefully examined the authorities cited by appellants to support their contention under this assignment,

and we do not think they have any application to the question presented. Appellants' contention is overruled.

[8] Appellants' eleventh assignment is a copy of the fourth paragraph of their motion for new trial, and is as follows:

"The verdict and judgment should be set aside and new trial awarded to interveners because they show that after the jury went out to consider of their verdict at least one of the jury, to wit, Pat Smith, a member of said jury, was of the opinion that the interveners ought to recover the full amount of said certificate, and that he was of such opinion; and that one of the jurors, whose name cannot be learned, so that it can be set forth herein, stated that the plaintiff had worked for ten years for deceased, and had carried slops for him, and that he, said juror, was an experienced insurance man, and knew that for that reason the plaintiff was entitled to recover; and said Smith, being ignorant of such matters, was induced to yield his opinion and agree to a verdict in favor of plaintiff, and he would not have done so but for the improper discussion of extraneous matters not in evidence, by said juror, and his improper statement regarding his expert knowledge of the matter under question by said jury; and the affidavit of said Smith is herein attached and made a part hereof."

The affidavit of the Juror Smith, in substance, as indicated in the above assignment, was attached to the motion for new trial.

We do not think the trial judge abused his discretion in not sustaining the motion for new trial on the grounds here presented, and we decline to interfere with his exercise of such discretion. We deem it unnecessary for us to go into a lengthy discussion of our reasons for sustaining the action of the trial court in not sustaining the motion for new trial. The assignment is overruled.

We find no error committed by the trial court, properly presented for our consideration, which should cause a reversal of the judgment of the trial court. Such judgment is therefore affirmed.

Affirmed.