RIGGS v. BALEMAN et al. (No. 730.)

(Court of Civil Appeals of Texas. El Paso. Nov. 8, 1917. Rehearing Denied Dec. 6, 1917.)

1. APPEAL AND ERROR ⬯722(1) — ASSIGNMENTS OF ERROR—REVIEW.

A motion for new trial in a case tried before the court is not necessary, but where a motion is made the assignments in the motion constitute the assignments of error on appeal under Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), and where the assignments of error are not copies of the assignments on motion for new trial, they cannot be reviewed.

2. APPEAL AND ERROR ⬯719(1) — MATTERS REVIEWABLE—DEFECTIVE ASSIGNMENTS OF ERROR—"FUNDAMENTAL ERRORS."

In the absence of proper assignments, all errors not apparent on the face of the record, other than "fundamental errors," are waived, and errors are not fundamental if it would be necessary to examine the entire statement of facts to decide on their merits.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Suit by S. H. Riggs against O. G. Baleman and another. From a judgment against only one defendant, plaintiff appeals. Affirmed.

W. W. Moores, of Stephenville, for appellant. Chandler & Pannill, of Stephenville, for appellees.

HIGGINS, J. Appellant brought this suit against appellees, Baleman and McClamey, to recover upon certain notes executed by Baleman to appellant in part payment for certain lands conveyed to Baleman, and for foreclosure against both appellees of the vendor's lien reserved in the deed of conveyance to secure the payment of said notes. The cause was tried before the court without the aid of a jury, and judgment rendered against Baleman for the amount of the notes and in favor of McClamey, denying foreclosure of the lien. An amended motion for new trial was filed by appellant and overruled, and from the judgment entered this appeal is prosecuted. Findings of fact and conclusions of law were not filed by the trial court.

[1] The assignments of error presented by appellant in this court are not copies of any of the assignments contained in the motion for new trial. The assignments presented here are entirely reconstructed. Article 1612, R. S., as amended by the Thirty-Third Legislature, page 276 of the Acts thereof, provides that where a motion for new trial has been filed, the assignments therein shall constitute the assignments of error. See, also, district court rule 101a. This provision of the statute is mandatory, and its salutary purpose is manifest. In a case tried before the court it is not necessary to file a motion for new trial in order to prosecute an appeal, but if such motion be filed, then the assignments therein contained constitute the assignments of error upon appeal. Cole v. Maccabees, 188 S. W. 699. In this condition of the record, the assignments presented to this court in appellant's brief cannot be considered. See case cited supra and the following: Edwards v. Youngblood, 160 S. W. 288; Grain Co. v. Burks-Simmons Co., 171 S. W. 1043; Turner v. Turner, 195 S. W. 327; Railway Co. v. King, 174 S. W. 960; Oil Co. v. Crawford, 184 S. W. 728; Dees v. Thompson, 166 S. W. 56; Bradshaw v. Kearby, 168 S. W. 436; Nat., etc., v. Gomillion, 174 S. W. 330; Watson v. Patrick, 174 S. W. 632. The cases cited firmly established the rule announced. The statute upon the subject is plain and unambiguous, and this court has no authority to disregard the same.

[2] In the absence of proper assignments presented in this court, we can consider only "errors in law apparent on the face of the record," or, as they are sometimes designated, "fundamental errors." All other errors not assigned are waived. District court rule 101a (159 S. W. xi); Searcy v. Grant, 90 Tex. 97, 37 S. W. 320; City of Beaumont v. Masterson, 142 S. W. 984; McPhaul v. Byrd, 174 S. W. 644; Holloman v. Black, 188 S. W. 973. There is no fundamental error presented by this record, so far as we can ascertain. In order to pass upon the merits of the assignments presented, it would be necessary for this court to examine the entire statement of facts, and it is definitely established by the decision of Judge Brown, in Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, that the term "fundamental error" is not one which requires an examination and weighing of the evidence to determine whether or not the assignment is well taken. A fundamental error

has also been defined as one readily seen, lying at the base and foundation of the proceeding and affecting the judgment necessarily. Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Searcy v. Grant, supra; Fuqua v. Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241; Harris v. Petty, 66 Tex. 514, 1 S. W. 525.

If we are at liberty to examine the statement of facts in this case for the purpose of ascertaining whether or not error has been committed, it still cannot be said that the errors complained of by appellant are readily seen. So under neither of the definitions given in the cases to which we have referred can the contentions of appellant be considered as presenting fundamental error.

In the absence of any errors properly assigned or fundamental errors appearing, it follows that the judgment must be affirmed. This court is not desirous of disposing of appeals upon questions of practice, and desires to pass upon same upon their merits, but in order to do so in this case it would transgress the statutory provision anl rules announced in the authorities above cited, which cannot be done.

Affirmed.

WALTHALL, J., did not sit, being absent on Committee of Judges assisting the Supreme Court.